Li v. Holder

BIA
Rohan, IJ
A089 908 328
A089 908 329

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of October, two thousand twelve.

PRESENT:
　　　　ROSEMARY S. POOLER,
　　　　BARRINGTON D. PARKER,
　　　　RICHARD C. WESLEY,
　　　　　　*Circuit Judges.*
_____

BING YAN LI, SHU QI WU,
　　　　*Petitioners,*

　　　　v.　　　　　　　　　　　　　　　12-761
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Michael Brown, New York, New York.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant Attorney General; Jennifer Paisner-Williams, Senior Litigation Counsel; Jesse M. Bless, Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Bing Yan Li, and her husband Shu Qi Wu, natives and citizens of the People's Republic of China, seek review of a February 2, 2012, decision of the BIA affirming the May 14, 2010, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied their application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bing Yan Li & Shu Qi Wu*, Nos. A089 908 328/329 (B.I.A. Feb. 2, 2012), *aff'g* Nos. A089 908 328/329 (Immig. Ct. N.Y. City May 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications such as

2

the petitioners', governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," or any inconsistency or omission in an applicant's statements, "without regard to whether the inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The petitioners challenge the agency's denial of withholding of removal, in which the agency discredited their testimony based on their hesitant or non-responsive demeanor and contradictions regarding the time, circumstances, and location of their practice of Falun Gong. The petitioners do not dispute the IJ's demeanor finding, but contend that the agency failed to credit their explanations – that Li was nervous and Wu was "not in a right state of mind." However, the petitioners' argument misapprehends the "particular deference" afforded to an IJ's assessment of demeanor, *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005), because demeanor is "paradigmatically the

3

sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 139-40 (2d Cir. 2006) (citing *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005)). Even assuming the petitioners' explanations for their demeanor were plausible, where the demeanor findings were not based on a misstatement of the record, but rather were "tethered to the evidentiary record," *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007), the petitioners "must do more than offer a plausible explanation ... to secure relief; [they] must demonstrate that a reasonable fact-finder would be compelled to credit [their] testimony," *Majidi*, 430 F.3d at 80 (internal quotation marks and citations omitted). Accordingly, the petitioners' explanations for their poor demeanor are inadequate to overcome the "particular deference" due to those findings. *Id*.

The petitioners also contend that the IJ failed to consider the totality of the circumstances regarding their explanations for their discrepant testimony. During the merits hearing, Wu testified that he and Li practiced Falun Gong together in parks, contradicting Li's testimony, but later testified that Li did not practice Falun Gong in

4

parks.  Wu explained his inconsistent testimony by stating that he "probably forgot [he] said that."  However, this explanation was inadequate to compel a reasonable fact-finder to credit his testimony because it does not explain his inconsistent statements if he was testifying truthfully.  *See Majidi*, 430 F.3d at 80-81.  In their brief, the petitioners also explain Wu's further inconsistent testimony – that he last practiced Falun Gong at 2:00 in the afternoon, whereas Li testified it was between 5:00 or 6:00 in the evening – by asserting that Wu's time was only an estimation.  Similarly, this explanation is inadequate to compel a contrary conclusion because it fails to address other inconsistent aspects of his testimony – the discrepancy between his and Li's testimony regarding what their children were doing while they were practicing Falun Gong – and is otherwise insufficiently compelling to require a reasonable fact-finder to credit it.  *Id*.

Accordingly, the agency properly grounded its adverse credibility determination on those inconsistencies.  *See Xiu Xia Lin*, 534 F.3d at 167 (the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes the asylum applicant is not credible") (emphasis

5

in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Given these inconsistency and demeanor findings, the totality of the circumstances supports the agency's adverse credibility determination, 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, which is dispositive of petitioners' application for withholding of removal, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk